IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                              Case Nos.:     1:17cr26/AW/GRJ
                                                1:21cv53/AW/GRJ
JERMAINE CARL CURTIS
    Reg. No. 25823-017

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner Jermaine Carl Curtis' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum of law. (ECF No. 102.)  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the undersigned concludes that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

On November 28, 2017, a federal grand jury returned a two-count indictment against Jermaine Carl Curtis and William Lonnie Jenkins. The men were charged in Count One with conspiracy to distribute and possess with intent to distribute hydromorphone (Dilaudid) and 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) and 841(b)(1)(C), and in Count Two with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 1.) In May of 2018, Curtis pleaded guilty to both counts before the undersigned pursuant to a written plea agreement. (ECF Nos. 45-50.)

The final Presentence Investigation Report ("PSR") concluded that Curtis' total offense level was 25, and he had a criminal history of V. (ECF No. 63, PSR ¶s 30-39, 58.) The applicable guidelines range of 100 to 125 months on Count One became 120 to 125 months due to the statutory mandatory minimum on that count. Count Two carried a mandatory 60 month consecutive sentence. The district judge sentenced Curtis at the top of the applicable range, to a total term of 185 months' imprisonment.

(ECF Nos. 81, 82.) Judgment was entered on October 1, 2018, and Curtis did not appeal. In February of 2021, he filed a motion for compassionate release based on dissatisfaction with his sentence and his status as a "model inmate." (ECF No. 98.) The district judge denied the motion. (ECF No. 100.)

Curtis now claims he is entitled to relief pursuant to 28 U.S.C. § 2255 because his appointed attorney, Anderson Hatfield, was constitutionally ineffective. (ECF No. 102 at 4). Curtis also claims he is "actually and factually innocent" of each of the charges of conviction. (*Id.* at 5.) In the section of the motion where the petitioner is asked to address the issue of timeliness, Curtis claims that his guilty plea was not voluntary and intelligent because his mental competency prevented him from understanding the elements of the charged offenses.[1] (*Id.* at 11.) He also claims that the one year limitations period applicable to § 2255

---

[1] Questions regarding a defendant's mental competency/capacity are routinely asked as part of the plea colloquy, and a defendant whose competency is in question will not be allowed to enter a plea of guilty. Despite Curtis' claim to the probation officer that he was "hearing voices," including at the time of the plea (ECF No. 63, PSR ¶ 82), there was nothing about his demeanor or affect at his change of plea that would have caused the undersigned to believe or even suspect any further inquiry into his competency was justified.

Case Nos. 1:17cr26/AW/GRJ; 1:21cv53/AW/GRJ

motions does not apply to him because he raises a claim of "actual innocence," thus allowing him to circumvent the procedural bar.  (*Id.*)

Petitioner relies heavily on the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998).   In *Bousley* the Supreme Court held that a procedurally defaulted claim may be reviewed in a collateral proceeding if the defendant can establish that the constitutional error "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623 (*quoting Murray v. Carrier*, 477 U.S. 496 (1986)). The Court clarified that "'actual innocence' means factual innocence, not mere legal insufficiency."   *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).   Notably, the timeliness of the petition in *Bousley* was not at issue because petitioner's claim was based on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

>    (1) the date on which the judgment of conviction becomes final;
>    (2) the date on which the impediment to making a motion
>    created by governmental action in violation of the Constitution

Case Nos. 1:17cr26/AW/GRJ; 1:21cv53/AW/GRJ

> or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Curtis filed his motion nearly three years after judgment was entered in this case. Therefore, it is facially untimely. Any of the claims he now seeks to raise could have been raised previously, either on direct appeal or in a timely § 2255 motion. Unless Curtis establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).

Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking

Case Nos. 1:17cr26/AW/GRJ; 1:21cv53/AW/GRJ

equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew,* 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040; *Amodeo v. United States*, 799 F. App'x 728, 730 (11th Cir. 2020). The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). Petitioner's reference to the COVID-19 Pandemic (ECF No. 102 at 9) is unpersuasive, as the time for filing a § 2255 motion had elapsed before the pandemic began. His lack of understanding of "legal formality and procedure" is insufficient to justify equitable tolling. *See, e.g., Johnson v. United States*, 544 U.S. 295, 311 (2005) ("we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a

Case Nos. 1:17cr26/AW/GRJ; 1:21cv53/AW/GRJ

statute's clear policy calls for promptness."); *Felder v. Johnson*, 204 F.3d 168, 172–73 & n. 10 (5th Cir. 2000) (citing cases) (holding that ignorance of law and pro se status are insufficient to toll statute of limitations).

Even if his § 2255 motion were timely, Curtis' motion is without merit. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004). Curtis claims he can circumvent the procedural default because he is actually innocent. However, his claim of "actual innocence" is belied by the Factual Basis for Plea, which was signed by Curtis and his counsel, in addition to the Assistant United States Attorney. (ECF No. 48.)

The Factual Basis states that Curtis and co-conspirator William Lonnie Jenkins jointly sold narcotics including heroin and Dilaudid and that they "carried handguns during the sales to serve as protection for their operation." (ECF No. 48 at 1.) Curtis admitted to law enforcement that he and Jenkins had sold over 100 grams of heroin and an unknown quantity of pills. A confidential source ("CS") reported Curtis was armed

Case Nos. 1:17cr26/AW/GRJ; 1:21cv53/AW/GRJ

when Curtis made two Dilaudid deliveries to the CS in July of 2017. Although officers did not recover a gun from Curtis at the time of his arrest, they seized 4.3 grams of heroin and 43.5 prescription Dilaudid pills.   Curtis signed a form giving law enforcement consent to search his residence. Agents seized two handguns, 58.7 grams of heroin, and 36.1 grams of marijuana.   The Factual Basis further provides "[Curtis] admitted the pistols were his, that he used the guns to protect himself and the drugs, that he sold controlled substances that included heroin and Dilaudid" to pay his bills.   (*Id.* at 3.)

Curtis' admissions in the Factual Basis were incorporated nearly verbatim into the PSR without objection.[2]   These facts satisfied the elements of each of the charged offenses and are fatal to Curtis' claim of "actual innocence."   Thus, he cannot overcome the procedural bar.

---

[2] *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (facts in the PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity.)

Case Nos. 1:17cr26/AW/GRJ; 1:21cv53/AW/GRJ

# CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos. 1:17cr26/AW/GRJ; 1:21cv53/AW/GRJ

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 102) should be summarily **DENIED and DISMISSED** as untimely.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 30th day of March, 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos. 1:17cr26/AW/GRJ; 1:21cv53/AW/GRJ